# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant FORREST M. LOFFER**
**United States Army, Appellant**

ARMY 20120529

United States Army Intelligence Center of Excellence and Fort Huachuca
Karen W. Riddle, Military Judge
Colonel Thomas C. Modeszto, Staff Judge Advocate

For Appellant:  Major Amy E. Nieman, JA; Captain J. Fred Ingram, JA.

For Appellee:  Lieutenant Colonel James L. Varley, JA.

28 August 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of taking indecent liberties with a child and committing an indecent act, in violation of Articles 120(j) and 120(k), Uniform Code of Military Justice, 10 U.S.C. §§ 920(j), 920(k) (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a dishonorable discharge and confinement for thirty-six months.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant submitted a merits pleading to this court and personally raised matters pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).  We find those matters raised by appellant are without merit.  One issue warrants discussion but no relief.

**BACKGROUND**

In Specification 7 of Charge II, appellant was charged with engaging in indecent conduct. The specification alleged:

> In that [appellant], U.S. Army, did, at or near Fort Huachuca, Arizona, between on or about 1 August 2008 and on or about 10 April 2010, engage in indecent conduct in the physical presence of S.L., a female under 16 years of age, by showing S.L. a website on a computer discussing step-father, step-daughter sexual relationships.[*]

At trial, appellant pleaded guilty and did not object to this specification. The military judge found appellant guilty in accordance with his pleas.

**LAW AND DISCUSSION**

To sustain a conviction for committing an indecent act, appellant's guilty plea must establish the conduct at issue equates to that "form of immorality relating to sexual impurity that is grossly vulgar, obscene, and repugnant to common propriety, and tends to excite sexual desire or deprave morals with respect to sexual relations." UCMJ, art. 120 (t)(12). Indecency "depends on a number of factors, including but not limited to fluctuating community standards of morals and manners, the personal relationship existing between a given speaker and his auditor, [and] motive. . . ." *United States v. Hullett,* 40 M.J. 189, 191 (C.M.A.1994).

In specification 7 of Charge II, appellant was charged with committing an indecent act with SL, a female under 16 years of age, "by showing S.L. a website on a computer discussing step-father, step-daughter sexual relationships." On its face, this may appear as an indecent liberties with a child charge, but the intent element for that offense was deleted from the charge sheet and not included in the providence inquiry. It is, therefore, evident that this was simply an indecent act charge and carried with it the corresponding maximum punishment of five (5) years confinement.

In this case, the appellant had been in a familial relationship of trust and authority over his stepdaughter since she was three months old. Appellant

---

[*] As referenced on the charge sheet, certain language was deleted and added to specifications 5 and 7 of Charge II prior to arraignment. We find that these specifications were properly amended prior to arraignment and should have been recorded on the promulgating order as modified. Accordingly, a certification of correction will be issued.

acknowledged that he purposefully searched for incest-related pornography and subsequently showed the incest-related materials to S.L. He then separately admitted he showed S.L. incest-related "erotica – letters – and stories" in an effort to groom her for future sexual encounters with appellant. Appellant admitted showing SL "incest-based pornography" websites "goes against society norms." In addition to his admissions during the providence inquiry, in the stipulation of fact, appellant acknowledged showing S.L. the incest-related "themes" with the specific intent to arouse not only his sexual desires but those of his stepdaughter as well. Further, the stipulation of fact provided appellant's sexual desires were, in fact, aroused when he showed SL these websites and that he wanted to commit sexual acts with her as a result.

Taken together, these facts, as admitted by appellant during his providence inquiry, clearly establish the act at issue–showing S.L. a website on a computer discussing stepfather, stepdaughter sexual relationships–is indecent conduct as the term is defined by UCMJ art. 120 (t)(12). As such, we do not find a substantial basis in law and fact to question appellant's plea of guilty to committing an indecent act.

## CONCLUSION

On consideration of the entire record and submissions of the parties, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3